Case 2:26-cr-00020-RSM   Document 7   Filed 03/04/26   Page 1 of 14

_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

MAR 04 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MANUEL GARCIA HERNANDEZ, <br><br> Defendant. | NO. CR26-020 RSM <br><br> **PLEA AGREEMENT** |

The United States, through Assistant United States Attorneys Joseph C. Silvio and C. Andrew Colasurdo of the Western District of Washington and Manuel Garcia Hernandez and Manuel Garcia Hernandez's attorney Peter Geisness enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.      **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

        a.      Conspiracy to Possess with Intent to Distribute Heroin, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846, a lesser-included offense of Count 1 of the Indictment.

Plea Agreement - 1
*United States v. Manuel Garcia Hernandez, CR26-020 RSM*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense of Conspiracy to Possess with Intent to Distribute Heroin, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846, a lesser-included offense of Count 1, are as follows:

a. There was an agreement between two or more persons to possess with the intent to distribute heroin; and

b. The defendant joined in the agreement, knowing of its purpose and intending to help accomplish that purpose

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a. For the offense of Conspiracy to Possess with Intent to Distribute Heroin, a lesser-included offense of Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least three years, and a mandatory special assessment of one hundred dollars.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

Plea Agreement - 3
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further

Plea Agreement - 4
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

a. Beginning on or about November 28, 2023, and continuing until December 27, 2023, defendant Garcia Hernandez, Co-conspirator A, Co-defendant 1, Co-defendant 2, and others known and unknown, worked together to source multiple kilograms of heroin for further distribution in the Western District of Kentucky and elsewhere.

Plea Agreement - 5
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.      In or about early December 2023, a DEA TFO acting in an undercover capacity (hereinafter "UC-1") was placed into contact with defendant. During several WhatsApp audio calls and text messages, UC-1 and defendant discussed the prices and quantities of drugs that defendant, or those working with defendant, could deliver to UC-1 in the Western District of Kentucky. During these communications, defendant was using a WhatsApp account ending in -5419.

c.      On December 25, 2023, UC-1 had a recorded WhatsApp conversation with Manuel Garcia Hernandez who was utilizing a WhatsApp account ending in -5419. During this conversation, and consistent with previous communications with UC-1, Garcia-Hernandez indicated that he would direct a courier to deliver three kilograms of drugs to UC-1 in Louisville, Kentucky.

d.      On December 26, 2023, UC-1 had a recorded WhatsApp conversation with an uncharged co-conspirator (hereinafter "Co-conspirator A") who was utilizing a WhatsApp account ending in -4572. During this conversation, Co-conspirator A, who was in Mexico at the time of these communications, indicated that Garcia-Hernandez's courier would be flying to Kentucky either the night of December 26, 2023, or the morning of December 27, 2023.

e.      Later, on December 26, 2023, UC-1 had three recorded WhatsApp conversations with Garcia-Hernandez who was utilizing the WhatsApp account ending in -5419. During these conversations, Garcia Hernandez confirmed that his courier would arrive in Kentucky on either the night of December 26, 2023, or the morning of December 27, 2023. Garcia-Hernandez further indicated that the drugs were in Kentucky and his courier would pick up the drugs, for delivery to UC-1, after the courier's arrival in Kentucky.

f.      On December 26, 2023, after UC-1's discussions with Co-conspirator A and Garcia-Hernandez as detailed above, UC-1 had a recorded WhatsApp conversation with Co-defendant 1 who was utilizing a WhatsApp account ending in -

Plea Agreement - 6
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1315. During this conversation, Co-defendant 1 indicated that he would be flying to Kentucky either the night of December 26, 2023, or the morning of December 27, 2023. Co-defendant 1 further confirmed that he could meet UC-1 to deliver three kilograms of fentanyl on the afternoon of December 27, 2023.

g.      On December 27, 2023, UC-1 had two recorded WhatsApp conversations with Co-conspirator A who was utilizing a WhatsApp account ending in -4572. During these conversations, Co-conspirator A indicated that the purchase price for the three kilograms of fentanyl would be $75,000.

h.      On December 27, 2023, UC-1 had two recorded WhatsApp conversations with Garcia-Hernandez who was utilizing a WhatsApp account ending in -5419. During these conversations, Garcia-Hernandez indicated that his courier had arrived in Kentucky and that Garcia-Hernandez would call the courier so that the courier could contact UC-1 to arrange the delivery of the drugs.

i.      On December 27, 2023, UC-1 had three recorded WhatsApp conversations with Co-defendant 1 who was utilizing a WhatsApp account ending in 1315. During the first conversation, Co-defendant 1 indicated that he had arrived in Kentucky and would be picking up three kilograms of fentanyl for delivery to UC-1 later that day. In a subsequent WhatsApp call, Co-defendant 1 indicated that he was heading towards Louisville, Kentucky for the planned deal. UC-1 then provided Co-defendant 1 with an address where the planned exchange would take place. Finally, once Co-defendant 1 had arrived at the planned meet location, he called UC-1 to advise UC-1 that he had arrived at the proposed meet location and was driving a Dodge Ram truck.

j.      On December 27, 2023, investigators approached Co-defendant 1's vehicle in the parking lot of the planned meet location. A narcotics canine alerted on Co-defendant 1's vehicle, but no controlled substances were located.

k.      On December 27, 2023, investigators then travelled to a nearby hotel, where it was discovered that Co-defendant 2 had checked in just prior to the

Plea Agreement - 7
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

planned drug transaction. Surveillance video from the hotel depicted Co-defendant 2 arrive at the hotel in Co-defendant 1's vehicle and exit the vehicle's passenger side prior to entering the hotel. Co-defendant 2 was also observed bring several bags into the hotel from the truck. A search warrant was authorized for Co-defendant 2's hotel room, but no controlled substances were located in the room.

l.    On December 27, 2023, investigators reviewed additional hotel surveillance footage from inside the hotel, which depicted Co-defendant 2 place a bag in a garbage can in the hallway outside Co-defendant 2's room. Law enforcement then located and seized a bag containing three kilograms of heroin from the garbage can.

m.    Garcia-Hernandez admits that the heroin seized from the hotel on December 27, as detailed above, was part of the joint conspiracy between Garcia-Hernandez, Co-conspirator A, Co-defendant 1, and Co-Defendant 2, to possess heroin with the intent to distribute it in the Western District of Kentucky and elsewhere. Specifically, Garcia-Hernandez admits that Co-defendant 1 and 2 possessed the three kilograms of heroin seized from the hotel on December 27, 2023, with the intent to distribute it as directed by Garcia-Hernandez and/or Co-conspirator A.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    A base offense level of 32 as the relevant conduct involved at least 3 kilograms but less than 10 kilograms of heroin pursuant to USSG § 2D1.1(c)(4).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands,

Plea Agreement - 8
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

however, that at the time of sentencing, the Court is free to reject these stipulated adjustments and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is no greater than the low end of the applicable Guidelines range as calculated by the Court. The United States further agrees to recommend that any sentence adjudged in this matter, to the extent permitted by law, run concurrent with any sentence adjudged in CR24-087. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations are not binding on the Court, and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets.** Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit, or to facilitate the

Plea Agreement - 9
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

commission of the offense of Conspiracy to Possess with Intent to Distribute Heroin, a lesser-included offense of that charged in Count 1 of the Indictment, as well as any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of the offense. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a).

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to, or otherwise seek return of, any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used to facilitate, the offense charged in Count 1.

13.    **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14.    **Interdependence of Plea Agreements.** Defendant acknowledges that the United States has conditioned its willingness to enter into this Plea Agreement on the Court's acceptance of the guilty plea and Plea Agreement in *United States v. Garcia*

Plea Agreement - 10
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Hernandez*, CR24-087, which is currently pending before this Court. As a result, if Defendant moves to withdraw his guilty plea in CR24-087, the United States will consider Defendant to be in breach of this agreement, and may, at its election, withdraw from the plea agreement in this matter. Moreover, should the Defendant fail to plead guilty pursuant to this agreement, this matter will be transferred back to the Western District of Kentucky pursuant to Fed. R. Crim. P. 20(c). Additionally, should the Defendant successfully move to withdraw his pleas in either CR24-087 or CR26-020, the Defendant understands that the United States will seek an Indictment against Defendant for all crimes for which the United States has sufficient evidence.

15.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Offices for the Western District of Washington and the Western District of Kentucky agree not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Offices for the Western District of Washington and Western District of Kentucky have agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Plea Agreement - 11
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at

Plea Agreement - 12
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement,

Plea Agreement - 13
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

20.    **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Offices for the Western District of Washington and the Western District of Kentucky. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 4th day of March, 2026.

MANUEL GARCIA HERNANDEZ
Defendant

PETER GEISNESS
Attorney for Defendant

VINCENT T. LOMBARDI
Assistant United States Attorney

JOSEPH C. SILVIO
C. ANDREW COLASURDO
Assistant United States Attorneys

Plea Agreement - 14
*United States v. Manuel Garcia Hernandez*, CR26-020 RSM